GROOMS *v*. MERIWEATHER ET AL.

SLUTZKY ET AL. *v*. MERIWEATHER ET AL.

[Nos. 11,313 and 11,314.    Filed November 17, 1922.    Rehearing
denied January 31, 1923.]

FENCES.—*Excessive Height.—Injunction and Damages.—Statutes.*
—A judgment for damages, and a decree enjoining the main-
tenance of fences of a height in excess of six feet alleged to
have been erected in violation of §§7363a, 7363b Burns 1914,
Acts 1909 p. 70, will not be reversed for insufficiency of evi-
dence, where the evidence, together with the legitimate infer-
ences which might have been drawn therefrom, was sufficient
to satisfy the trial court that the fences in question each un-
necessarily exceeded six feet in height, and that they were
each maliciously erected or maintained for the purpose of
annoying the plaintiff.

From Marion Superior Court (A9,388) ; *Theophilus
J. Moll,* Judge.

Actions by Lucian Meriweather and others against
Mary C. Grooms and against Gabriel Slutzky and
others.   From judgments for plaintiffs in each case, the
defendants appeal.   Causes consolidated on appeal. *Af-
firmed.*

*Holmes & McCallister,* for appellants.
*R. L. Bailey,* for appellees.

ENLOE, J.—This action was begun by the appellee Lu-
cian Meriweather against the appellants and others to
enjoin the erection and maintenance of certain fences
in excess of the height of six feet, and for damages. The
complaint which was in six paragraphs was answered
by a general denial.   There was a trial before the court
and finding in favor of appellee Meriweather against
the appellant Mary C. Grooms and awarding said ap-
pellee damages as against said appellant Grooms in the
sum of $150.   There was also a finding in favor of said
appellee against the appellants, Gabriel Slutzky and
Goldie Slutzky, and awarding the appellee damages as

against said Slutzkys in the sum of $350. There was a decree also against each of said named appellants ordering that part of said fences in excess of six feet in height abated and a permanent injunction against said appellants from erecting any fences exceeding six feet in height between their several properties and that of said appellee. The finding and decree was in favor of the other defendants named in the original complaints.

From this judgment and decree, after motions for new trials had been overruled, separate appeals have been prosecuted by Mary C. Grooms and by the Slutzkys, which appeals have been by order of this court, consolidated.

The errors assigned and relied upon are the action of the court in overruling said motions for new trial.

While said motions for new trial each contained five separate reasons or grounds why a new trial should be granted, but two of such reasons or grounds, viz.: "that the decision of the court is not sustained by sufficient evidence;" and "that the decision of the court is contrary to law" are presented on this appeal.

The appellee Meriweather has moved to dismiss these appeals because of alleged insufficiency of each transcript herein to show any reversible error. An examination of the appellant's several praecipes for transcript and of said transcripts discloses that they are each sufficient to present the error relied upon and said motion to dismiss is therefore overruled.

It appears from the allegations of the complaint that the appellee Meriweather is the owner of the real estate known as No. 2275 North Capitol avenue, Indianapolis, and that the appellants Slutzkys are the owners of the land adjoining on the south and that the appellant Grooms is the owner of the lot adjoining the appellee on the north; that the appellee Meriweather, who is a colored man, purchased this property on which is situ-

ated a residence, and moved into the same occupying it with his family, as his home; that the appellants severally at once began the erecting of board fences on either side of said appellee's home, which said fences were more than six feet in height.

This action was based upon the provisions of §§7363a, 7363b Burns 1914, Acts 1909 p. 70, which are as follows,—"That any fence or other structure in the nature of a fence unnecessarily exceeding six feet in height, maliciously erected or maintained for the purpose of annoying the owner or occupants of adjoining property, shall be deemed a nuisance." §7363a Burns 1914, *supra.*

"Any such owner or occupant injured either in his comfort or the enjoyment of his estate by such nuisance may have an action for damages sustained thereby and for the abatement of such nuisance and all other remedies for the prevention of such nuisance and the provisions of the law concerning actions for nuisances shall be applicable thereto." §7363b Burns 1914, *supra.*

No question is made as to the sufficiency of said complaint or any paragraph thereof and if the evidence adduced at the trial, together with any and all legitimate inferences which might have been drawn therefrom, was sufficient to satisfy the trial court that the fences in question each unnecessarily exceeded six feet in height and that they were each maliciously erected or maintained for the purpose of annoying the said appellee then said decision complained of is sustained by sufficient evidence and is not contrary to law.

After a careful reading of the evidence adduced on the trial we are satisfied with the decision reached by the trial court. We find ample evidence to sustain its decision and each of said judgments is therefore affirmed.